UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENOSHA PLUMBERS LOCAL
118 PENSION FUND, ROGER CLARK,
WISCONSIN PIPE TRADES HEALTH FUND
and JOEL ZIELKE,

          Plaintiffs,

                                        Case No. 20-cv-1745-pp

    v.

FLOYD'S PLUMBING, INC.,

          Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
(DKT. NO. 7) AND DISMISSING CASE**

On November 20, 2020, the plaintiffs filed a complaint under §502 of the

Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132,

seeking unpaid contributions, interest and liquidated damages allegedly owed

to the Kenosha Plumbers Local 118 Pension Fund and Wisconsin Pipe Trades

Health Fund. Dkt. No. 1. The plaintiffs requested entry of default on January

19, 2021, dkt. no. 5, and filed an affidavit in support, dkt. no. 6. That same

day, the plaintiffs filed a motion for default judgment. Dkt. No. 7. The plaintiffs

since have filed several affidavits in support of that motion. Dkt. Nos. 8, 9, 10,

12. The clerk of court entered default on January 20, 2021. The court will

grant the plaintiffs' motion.

1

## I. ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

Under Federal Rule of Civil Procedure 4(h), plaintiffs may serve a corporate defendant "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows the plaintiffs to serve an individual using the methods allowed by state law in the state where the federal district is located. Fed. R. Civ. P. 4(e)(1).

Usually, Wisconsin requires plaintiffs to personally serve an officer, director or managing agent of a corporate defendant. Wis. Stat. §801.11(5)(a). The plaintiffs filed a signed affidavit of personal service stating that an "Authenticated Copy of Summons in a Civil Action & Complaint" was served on the defendant through "Sandra Senft, Registered Agent" at 28200 Easy Lane, Waterford, Wisconsin 53185 on November 29, 2020. Dkt. no. 4 at 1. The website for the Wisconsin Department of Financial Institutions shows that Sandra Senft is the registered agent for the defendant and confirms this address. https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID =F025012&hash=1152028340&searchFunctionID=0cf38f32-6b4c-4a25-9558-ad4b0884e850&type=Simple&q=Floyd%27s+Plumbing. The court finds that service was proper under Fed. R. Civ. P. 4(e)(1) and Wis. Stat. §801.11(5)(a).

2

## II.    PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Dkt. No. 7)

After the entry of default, the plaintiffs may move for default judgment under Federal Rule of Civil Procedure 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

### A.    Liability

The defendant entered into collective bargaining agreements with Kenosha Plumbers Local 118 in which the defendant agreed to make payments toward the plaintiff's trust funds for covered employees (the Labor Agreements).

3

Dkt. No. 1 at ¶¶10, 12. The defendant is subject to ERISA and the Labor Market Regulatory Authority (LMRA). Id. at ¶11. Based on the Labor Agreements, the defendant agreed:

    a.    to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the Labor Agreements;

    b.    to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    c.    to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans under the trust agreements;

    d.    to adopt and abide by all the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

    e.    to pay, in addition to all the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    f.    to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney's fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

Id. at ¶14. The defendant failed to perform these obligations, specifically by failing to make payments and inaccurately reporting employee work status. Id. at ¶15.

ERISA entitles the plaintiffs to damages consisting of unpaid contributions, interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2).

    B.    Damages

The plaintiffs assert that they are due the following sums for the audited period from July 1, 2017 to May 31, 2019:

4

Kenosha Plumbers Local 118 Pension Fund:

| | |
|---|---|
| Contributions | $16,431.19 |
| Liquidated Damages | $821.56 |
| Interest | $3,037.63 |
| **Total** | **$20,326.38** |

Wisconsin Pipe Trades Health Fund:

| | |
|---|---|
| Contributions | $26,692.50 |
| Liquidated Damages | $4,922.50 |
| Interest | $5,649.94 |
| **Total** | **$37,264.94** |

Dkt. No. 8 at ¶¶8-13; Dkt. No. 1 at ¶18. The plaintiffs are due additional sums based on an unaudited period from June 1, 2019 to the present. Id.

The plaintiff's attorney submitted itemized entries in support of a request for attorney's fees in the amount of $2,843.75, plus an additional $460.00 in costs. Dkt. No. 10 at 2.

## III. CONCLUSION

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 7.

The court **ORDERS** that default judgment shall enter in favor of the plaintiffs and against the defendant in the amount of $60,895.07, allocated as follows: $16,431.19 in contributions, $821.56 in liquidated damages and $3,073.63 in interest to the Kenosha Plumbers Local 118 Pension Fund; $26,692.50 in contributions, $4,922.50 in liquidated damages and $5,649.94 in interest to the Wisconsin Pipe Trades Health Fund; and $2,843.75 in attorney's fees and $460.00 in costs to the plaintiffs' attorney.

5

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 8th day of February, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**